IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | 2:25-CV-042-D-BR(1) |
| | § | (2:18-CR-028-D-BR(1)) |
| | § | |
| VS. | § | |
| | § | |
| MICHAEL HOUSTON | § | |
| SCARBOROUGH, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Before the court is petitioner Michael Houston Scarborough's ("Scarborough's") construed motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The court dismisses the motion without prejudice for failure to comply with a court order and for want of prosecution.

I

On February 25, 2025 the court issued a deficiency order in accordance with *Castro v. United States*, 540 U.S. 375, 383 (2003). The order required that Scarborough either (1) withdraw the motion, which the court had recharacterized as his first § 2255 motion, or (2) amend the motion so that it contained all claims that Scarborough wanted to raise with respect to his conviction and sentence. The deadline for Scarborough's response was April 1, 2025. As of the date of today's memorandum opinion and order, however, Scarborough

has not responded to the deficiency order, and he has not sought an extension of time to do so.

Fed. R. Civ. P. 41(b) authorizes a court to dismiss an action *sua sponte* for failure to prosecute or comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

The court has given Scarborough ample opportunity to respond to its order, but he has not done so. Consequently, the court dismisses this action without prejudice for failure to comply with a court order and for lack of prosecution. *See* Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

II

The court also denies a certificate of appealability ("COA").[2] A district court may deny a COA *sua sponte* and without requiring further briefing or argument. *See Alexander*

---

[1] The one-year statute of limitations for moving to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 applies to this motion as well as to any other motion to vacate sentence that he may file in this court. *See* 28 U.S.C. § 2255(f).

[2] Because the motion to vacate is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a COA is a "jurisdictional prerequisite" before an appeal may proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that §§ 2254 and 2255 actions require a COA).

*v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing Section 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that petitioner has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If petitioner files a notice of appeal, he must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

April 15, 2025.

                                         _____
                                         SIDNEY A. FITZWATER
                                         SENIOR JUDGE